## A. S. Lamb v. The Stae.

No. 7775.　Decided June 29, 1923.

Rehearing denied October 17, 1923.

1.—Transporting Intoxicating Liquor—Sufficiency of the Evidence.

Where, upon trial of unlawfully transporting intoxicating liquor, the evidence showed that defendant was carrying the liquor from the point where it had been deposited by someone to the automobile for the purpose of removing it from the locality in which it was situated to another, the conviction is sustained: for when he picked it up and started towards the automobile with it for the purpose mentioned the journey had begun, the whisky was on its way and defendant was transporting it.

2.—Same—Circumstantial Evidence—Charge of Court—Transportation.

The theory upon which a charge on circumstantial evidence seems to have been insisted upon is, that the transportation consists in taking the liquor to the place at which it was found. That view is not tenable, as no distinction is perceived between the facts in hand, where defendant was carrying the whisky to the car at the beginning of the journey, and where he carried it from the car to the point of destination at the end of the journey.

Appeal from the District Court of Polk County. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Campbell & Murphy* for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

A box containing a quantity of whisky was found upon the premises of the witness Cook. Without disturbing the whisky, Cook reported the matter to White, an officer. As we understand the record, the officer secreted himself and observed an automobile in which the appellant and two others were riding, stop at a point about thirty steps from where the liquor was deposited. Appellant stepped out of the car and got the liquor, and after going a distance of about twenty steps in the direction of the car, he was intercepted by the officer. When he was accosted, he threw the box down and pulled out a jug and broke it over the box, thereupon remarking: "You haven't got a damned thing." The jug contained home-made

whisky. The jug in the box was packed in cotton-seed. There were also fruit jars filled with whisky in the box. As we understand the record, they were all broken when the box was thrown down. The appellant's place of residence was about eighteen or twenty miles from the point at which the transaction occurred.

No affirmative testimony was given explanatory of the matter save some circumstances tending to advance the theory that the whisky was not taken to the point at which it was found by the appellant.

The propriety of considering the statement of facts is doubtful for the reason that it consists largely of questions and answers. See Jenkins v. State, 93 Texas Crim. Rep., 375, 247 S. W. Rep., 861; Fenton v. State, 93 Texas Crim. Rep., 366, 248 S. W. Rep., 363. However, giving it its full significance, appellant insists that the evidence is insufficient to support the conviction. It is argued that since the evidence fails to show who took the whisky to the point at which it was found, appellant's connection with it, as detailed above, did not bring the transaction within the contemplation of the law forbidding the transportation. From the evidence the jury was authorized to draw the inference that the appellant was carrying the liquor from the point where it had been deposited by someone to the automobile for the purpose of removing it from the locality in which it was situated to another. When he picked it up and started towards the automobile with it, for the purpose mentioned, the journey had begun. The whisky was on its way. He was transporting it. We think there was no error in failing to instruct a verdict for the appellant on the facts.

No distinction is perceived between the facts in hand where appellant was carrying the whisky to the car at the beginning of his journey and where he carried it from the car to the point of destination at the end of the journey. Some light is thrown upon the meaning of the term in Cyc. of Law & Proc., Vol. 23, page 174. Appellant's arrival in the autmobile, his taking possession of the liquor and apprehension while in the act of removing it from its place of deposit to the automobile in which it was to be further removed, brought him into such relation to the transaction as not to demand a charge upon circumstantial evidence. The theory upon which that charge seems to have been insisted is that the transportation consisted in taking the liquor to the place at which it was found. In our opinion, that view is not tenable.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

[Rehearing denied October 17, 1923.—Reporter.]