JESSE LEE v. THE STATE.

No. 7524.   Decided October 3, 1923.

Rehearing denied November 14, 1923.

1.—Transporting Intoxicating Liquor—Conflict of Law.

That the State law, prohibiting the transportation of liquor, was not void by reason of its conflict with the Federal law has been decided by this court.  Following Ex parte Gilmore 88 Texas Crim. Rep., 529.

2.—Same—Search and Seizure—Evidence.

That information obtained by the unauthorized search by a State officer does not preclude the introduction of evidence of the facts ascertained has also been decided.  Following Welcheck v. State, 93 Texas Crim. Rep., 271.

3.—Same—Transport—Definition—Words and Phrases.

The statute does not define transport, and under the law it is to be given the meaning understood in common language, taking into consideration the context and subject matter, and in common language it means the carrying or conveying from one place, locality or country to another; and under the instant case it was not necessary to define it, under Article 743, C. C. P.

4.—Same—Transportation—Charge of Court.

The offense of transporting the liquor was complete after appellant had progressed as far on his journey as the evidence in this case revealed, and it was not necessary that he should have completed the transportation.

5.—Same—Possession—Charge of Court—Res Gestae.

The facts proved put upon appellant the burden of explaining his connection with the liquor, and no charge was necessary that the possession of the intoxicating liquor for the purpose of sale would support no inference of guilt under the facts of the instant case, and was part of the *res gestae*.

6.—Same—Rehearing—Transportation.

Appellant's contention that the offense of transporting intoxicating liquor is not complete until the liquor has reached its destination is untenable.  Following Maynard v. State, 249 S. W. Rep., 473, and other cases.

Appeal from the District Court of Morris.   Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of transporting intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*French & Price* for appellant.

*R. G. Story,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

The sheriff of Morris County testified that on January 10, 1922, about 2:50 o'clock in the morning, he saw appellant at the depot with a suit case of liquor and two or three quarts in his pocket; that in the suit case were found six half-gallon fruit jars of whisky. When the train arrived, appellant walked out of the depot towards the train, carrying the suit case with him, when he was stopped by the sheriff. The distance from the waiting-room, in which appellant remained until the train arrived, to the train was about fourteen feet. Appellant was seen by the witness Hart when he called for a ticket to Greenville. Appellant was told that no tickets were sold to Greenville at night and that he would have to get on the train and pay his fare. When the first train arrived, the witness did not see the negro do anything, but when the last train going towards Greenville arrived, he picked up his grips and went out of the waiting-room, when he was arrested by the sheriff. This occurred at Daingerfield in Morris County. Appellant told the witness Hervey that he was on his way to Greenville. Appellant's wagon and mules were in town some three hundred yards away from the depot. No testimony was introduced in behalf of the appellant.

That the State law prohibiting the transportation of liquor was not void by reason of its conflict with the Federal law was decided by this court in Ex parte Gilmore, 88 Texas Crim. Rep. 529. This case has been frequently followed.

That information obtained by the unauthorized search by a State officer does not preclude the introduction of evidence of the facts ascertained was upheld in Welchek v. State 93 Texas Crim. Rep. 271, 247 S. W. Rep. 524, which has also been followed.

The statute does not define "transport." Under the law, it is to be given the meaning "understood in common language," taking into consideration the context and subject matter. Penal Code, Art. 10. In common language, "transport" signifies the carrying or conveying from one place, locality or country to another. Cyc. of Law & Proc., Vol. 38, p. 946. There might arise a case where the peculiarities in the testimony might make it necessary to give the definition or at least some explanatory statement relative to what is embraced within the term "transporting intoxicating liquors." As applied to the present case, however, it would seem unnecessary; at least, not such a fault in the charge as to demand a reversal of the case under Article 743 of the Code of Crim. Procedure.

According to the undisputed evidence, appellant had in his possession a quantity of intoxicating liquor packed in a suit case which he had brought from a certain locality to the depot and was, at the time

of his arrest, conveying the suit case containing the liquor from the depot to the train, which was going in the direction of Greenville, to which point the evidence showed that it was his intention to travel. The jury could not have been misled by the failure to give the definition of the word "transport" as used in the statute.

We are unable to sanction the position taken by the appellant that the jury should have been told that a conviction would not be authorized unless he had completed the transportation. The offense would be complete after appellant had progressed as far on his journey as the evidence in this case revealed.

The facts proved put upon appellant the burden of explaining his connection with the liquor. Inasmuch as he introduced no evidence, no charge to the effect that the possession of the intoxicating liquor for the purpose of sale would support no inference of guilt was required. Such a charge might, under some circumstances, become pertinent, but we think not in the present case. The evidence of possession of the liquor for the purpose of sale was part of the res gestae available to the jury in determining the intent with which appellant was acting in conveying the liquor.

The record revealing no error, the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### November 14, 1923.

HAWKINS, Judge.—Appellant insists that the offense of "transporting intoxicating liquor is not complete until the liquor has reached its destination. Our views upon that question are not in accord with such contention. They have been expressed to the contrary in Maynard v. State 93 Texas Crim. Rep. 580, 249 S. W. Rep., 473; Lamb v. State, (No. 7775, opinion June 29, 1923, rehearing overruled October 31, 1923); Black v. State, (No. 7780, opinion October 31, 1923).

The motion for rehearing is overruled.

*Overruled.*