C. BLACK v. THE STATE.

No. 7780. Decided October 31, 1923.

Rehearing denied November, 1923.

1.—Transporting Intoxicating Liquor—Sufficiency of the Evidence—Charge of Court.

Where, upon trial of transporting intoxicating liquor, the court submitted the requested charges to the effect that although the jury might believe the whisky was in the car, yet if the defendant had no knowledge of its

presence he could not be convicted for the transportation thereof, and the evidence was sufficient to support the conviction, there is no reversible error.

**2.—Same—Definition of Transportation.**

Where, according to the testimony, defendant had begun his journey at the time he was accosted with the liquor, the same was sufficient transportation under the law, and it was not necessary that the journey be completed.

**3.—Same—Evidence—Redirect Examination.**

Where the officer was repeatedly asked upon cross-examination if he had not struck defendant's wife with a club, and upon redirect examination testified that his superior officer had not called him on the carpet for beating anybody, there was no reversible error under the facts in the instant case.

**4.—Same—Resisting Officer—Arrest—Search Warrant.**

Where all the facts relative to the wife's resistance, and the act of the defendant in kicking the package of whisky out of the car were a part of the transaction, and the theory of the case presented by the defense was that officer made an attack upon her, the relevancy of whether or not the officer was armed with a warrant is not apparent.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable George E. Hosey.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Simpson, Moore & Parker* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the unlawful transportation of intoxicating liquor with a penalty of one years confinement in the penitentiary.

W. L. Jones was a police officer in the city of Fort Worth. He testified that on the day of the transaction out of which this prosecution grew he saw appellant at a service car station. He and his wife were in a Ford car which was standing at the station at the time the officer first observed them. Appellant started the car and the officer stepped in front and told him to stop. He did not heed the request but in making the turn drove or backed into the fence. By this time the officer had reached the car. Appellant asked permission to get the car off the fence. As soon as he backed the car free from the fence instead of stopping it he made another start to drive away when the officer jumped on the running board on the right side of the car, on which side appellant's wife was sitting. The officer was trying to get hold of a package which was sitting on the floor in the front of the car between appellant and his wife. We gather from the record that the scuffle continued for something like a block, appellant's wife

striking the officer with a black quart bottle which he says she got out of the paper sack or package. The bottle contained whisky. Jones finally got possession of it. The stopper came out and whisky was spilled on Jones' clothing. He told appellant to stop a number of times, but he continued to drive and turned down an alley where he kicked the package out of the open door of the car while his wife was trying to push or knock Jones off the running board. Jones was either knocked loose from the car or lost his balance in some way just after appellant kicked the package out. When the officer fell or jumped off the car appellant drove on and was not arrested at that time. Jones called for another officer and in a short time they went back through the alley and there found the package which had been kicked out by appellant. In it they found two pint bottles, one full of whisky and one partially filled, also one broken pint bottle which had contained whisky, the sack being saturated with it. Appellant did not testify. His wife denied knowledge of the presence of any whisky in the car, but admits that she got hold of the black bottle which was taken from her by the officer. She claims it was in the back part of the car and that in some way she got hold of it in the scuffle with Jones, but had no previous knowledge of its presence. According to her testimony the officer jumped on the car and made an unprovoked attack upon her and began to beat her with a club. Other defensive evidence was to the effect that this car belonged to the service car station and that it had just been rented to appellant and his wife who claimed to have left their own car there to have it repaired. The inference sought to be raised was that the whisky was in the car when rented to appellant. Appellant's wife denied having seen him place any whisky in it and the parties working around the station at the time denied that they had placed any in it. Upon the issues thus raised the court gave two special charges at the request of appellant in substance that, although the jury might believe the whisky was in the car, yet if appellant had no knowledge of its presence he could not be convicted for the transportation thereof, and the jury should acquit if they had a reasonable doubt as to such being the fact.

The evidence of the officer makes a case from the State's standpoint very much like Lamb v. State (No. 7775, affirmed June 29th, 1923, motion for rehearing overruled October 31, 1923). According to the testimony of the officer appellant had begun his journey at the time he was accosted. It is not necessary to bring the case within the law of illegal transportation that the journey be completed.

Appellant has briefed only two questions. The officer was repeatedly asked upon cross-examination if he had not struck appellant's wife with his club, which he had each time denied. Upon redirect examination he said none of his superior officers had "called him on the carpet" for beating up anybody. Appellant objected to this

statement on the ground that it was an improper way to undertake to support the officer's testimony. We do not regard the matter as of very grave importance, especially in view of the fact that appellant's wife, although asserting that the officer had without provocation on her part beat her up with his club, said that she did not make any report of the matter to any of his superior officers.

Complaint is made because the court refused to let appellant show that officer Jones had no search warrant authorizing a search of the car and no warrant for the arrest of appellant or his wife, appellant contending that he ought to have been permitted to make this proof showing a justification for resisting the officer. If we understand the evidence given by appellant's wife it would be immaterial whether the officer was armed with a warrant for arrest or a search warrant. If the jury had believed her statement they would have been authorized in reaching the conclusion that the officer, without any provocation whatever, made an attack upon Mrs. Black and immediately began to strike her with his club as soon as he got on the running board of the automobile. If this was true it would be immaterial whether he had a warrant or did not have one. She had the right to fight back in defense of herself. All the facts relative to the wife's resistance and the act of appellant in kicking the package of whisky out of the car were a part of the transaction, and under the theory of the case presented by the defense the relevancy of whether or not the officer was armed with a warrant is not apparent.

The other questions brought forward by bills of exception are not briefed but we have examined them and in our opinion they present no error.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied November, 1923. Reporter.]