### COLUMBUS FINLEY v. THE STATE.

No. 8056.   Decided February 20, 1924.

**1.—Transporting Intoxicating Liquor—Circumstantial Evidence.**

There was no merit in the contention that the facts in the instant case demanded a charge no circumstantial evidence.

**2.—Same—Charge of Court—Transporting Liquor—Requested Charge.**

There was no error in refusing a requested charge to the effect that before a conviction could be had defendant must have been transporting liquor for sale, barter, or exchange, or for some other purpose than his own personal use. Following McNeil v. State, 93 Texas Crim. Rep., 259.

**3.—Same—Requested Charge.**

Where the requested charges were covered by the court's main charge there was no error in refusing them.

**4.—Same—Transportation—Requested Charge.**

There was no error in refusing a requested charge to the effect that before defendant could offend against the law forbidding transportation of liquor, the carrying or transportation must be completed from the beginning point to the place of its intended destination. Following Lamb v. State, 255 S. W. 424, and other cases.

Appeal from the District Court of Morris. Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris*, Assitants Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor; punishment, one year in the penitentiary.

Appellant, in company with Jesse Lee, arrived at the depot in Daingerfield about one o'clock at night. They had two suit cases, one containing two gallons of whisky, the other two and one-half gallons. Lee had two full quart bottles of whisky on his person, also a pint bottle with some whisky in it. The smell of whisky on their breath attracted the attention of the man on duty at the ticket office. Lee asked for a ticket to Greenville but was informed that no tickets were sold at night. Both parties remained at the depot until the train going towards Greenville arrived about three o'clock. They started towards the train, each having one of the suit cases, and were arrested by the sheriff. Appellant explained his presence by testifying that he had brought Lee at the latter's request to the depot from some miles in the country; that he had no connection with the whisky, and no knowledge that the suit cases contained liquor. He disclaimed any intention of going to Greenville, and accounted for remaining at the depot for two hours in the middle of the night with the statement that he thought he would just stay and help Lee on the train.

There is no merit in the contention that the facts demanded a charge on circumstantial evidence.

Appellant requested the court to charge that before a conviction could be had he must have been trasporting liquor for sale, barter or exchange, or for some purpose other than his own personal use. This special charge was properly refused. In the first place it is

not the law, (McNeil v. State, 93 Texas Crim. Rep., 259, 247 S. W. Rep., 536, and cases therein cited) and second, no evidence raised the issue that appellant was transporting it for his personal use.

The court was not required to give the special charges refusal of which is complained of in bills numbers three and six. The defensive issues therein presented were covered in the general charge.

Bill number four is an exception to the court's charge for failure to define what is meant by "transportation." The charge may have been amended to meet this objection. It contains an instruction upon the subject which is applicable to the case.

The criticism of the charge appearing in bill number five is without merit.

The charge requested as shown by bill number seven was properly refused. In substance it was that before one could offend against the law forbidding "transportation" of liquor the carrying or transportation must be completed from the beginning point to the place of its intended destination. This is not the law. See Lamb v. State, 95 Texas Crim. Rep., 457, 255 S. W. Rep., 424; Lee v. State, 95 Texas Crim. Rep., 654, 255 S. W. Rep., 425; Coburn v. State, 255 S. W. Rep., 613; Black v. State, 255 S. W. Rep., 731.

The judgment is affirmed.

*Affirmed.*