# OCTOBER, 1924.

PERRY TULLOS v. THE STATE.

No 8412.   Delivered Oct. 8, 1924.

Rehearing denied Jan. 28, 1925.

1.—Transporting Intoxicating Liquor—Constitutional Amendment—Sec. 20 Art. 16 held valid.

Appellant assails the validity of Sec. 20, Art. 16, of our present constitution, and asseverates that it was not adopted in the manner required by the constitution, and that the statute upon which the conviction rests, is void for that reason. The same quesion was presented and passed upon in the case of Manos v. State, 263 S. W. Rep. 310, and the point overruled.

2.—Same—Transporting—What is.

Appellant contends that there is not sufficient evidence to support a conviction for transporting. Appellant was seen by officers who were on the watch, to stop his auto near a sack of intoxicating liquor near the road; to leave his car, and go to the concealed liquor, pick it up and start back toward his car carrying it. It is true that appellant was seen to move the package but a short distance, but this fact, in connection with other evidence in the case is held to constitute a transporting of the intoxicating liquor.

3.—Same—Evidence—Frivolous Objections to—Not Sustained.

There are numerous bills of exception in the record, complaining of the admission of evidence, that are so frivolous in their character as not to require treatment in detail. Other objections are presented to certain testimony of so immaterial a character, that no possible effect could have been made on the minds of the jury by its admission.

Appeal from the District Court of Travis County. Tried below before the Hon. Jas. R. Hamilton, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

The conviction is assailed upon the ground that Section 20, Article 16, of our present Constitution was not adopted in the manner required by the Constitution and that the statute upon which the conviction rests is void for the reason that it was dependent upon the provision of the Constitution mentioned. On the same facts the point

was made in the case of Manos v. State, 263 S. W. Rep., 310. The point was overruled upon the ground: first, that the facts do not show that there was a failure to observe the requirements of the Constitution in adopting the amendment; second, that independent of Section 20, Article 16, of the Texas Constitution, the enactment of the law was authorized by the Eighteenth Amendment to the Constitution of the United States.

It seems from the State's testimony that two officers became aware that there was hidden among some grape-vines by the side of a country road, about five miles from the City of Austin, a sack containing bottles which were believed by the officers to contain intoxicating liquor. These officers secreted themselves near the package and while there in the night-time, two automobiles appeared, going in the same direction. One was driven by the appellant, the other by a lady. They were stopped near the package. Appellant got out of the car in which he was riding, went to the car occupied by the woman, and said to her: "Well, what do you think?" To which she replied: "I think you came pretty near going to hell to hide it." Appellant remarked: "I believe in being safe." Looking around, he said further: "I don't see anybody; I guess I can get it." He then went to the place where the package was laying, picked it up, and had carried it some distance in the direction of the automobile in which the woman was riding, when the officers apprehended him. The package was found to contain ten quart bottles of tequila, an intoxicating beverage containing about forty-four per cent alcohol. According to the appellant's testimony, he had come from San Antonio to Austin in the afternoon, and after reaching Austin and attending to some business, he drove some three or four miles out on a country road and overtook a lady in an automobile with a flat tire. After assisting her by changing the tire of her car, he continued on his way. While driving slowly along, he observed a sack laying by the side of the road which apparently had something in it. He stopped his car, leaving it in the middle of the road with the lights burning, and went to pick up the sack for the purpose of examining it. Upon reaching the sack he was commanded by two men to hold up his hands. He claimed that he did not move the sack; that he was arrested before he had laid his hands upon it.

The issues of fact were submitted to the jury in a charge of which no complaint is made. The sufficiency of the evidence to support the conviction is questioned by the appellant, but accepting the State's testimony as true, we are constrained to believe that the verdict must be sustained. It is true that the appellant was seen to move the package but a short distance. He disclaimed any knowledge of its contents. The conversation detailed by the State's witnesses was denied by the appellant, but taken in connection with the other facts, it must

have indicated to the jury that the liquor was deposited by the appellant under a pre-arrangement with the woman, and that in picking it up and carrying it the distance that was done, it was his intent to put it in the automobile in order that it might be carried away. In other words, his act of packing up the package, knowing its contents, and his carrying it part of the way on his journey was sufficient to satisfy the terms of the law defining transportation, though he was apprehended before his objective was reached. Cases in point are: Lamb v. State, 255 S. W. Rep., 424; Finley v. State, 258 S. W. Rep., 1062; Lee v. State, 255 S. W. Rep., 425; Coburn v. State, 255 S. W. Rep., 613; Black v. State, 255 S. W. Rep., 731.

We find nineteen bills of exception in the record, all of which have been examined. However, we have found no brief or citation of authorities supporting them. Many of them relate to objections of the appellant to the development of facts showing what took place at the time appellant picked up the package. Most of the bills are qualified, and we have been unable to discover that anything occurred, as developed by the evidence at the time of the transaction, the receipt of which would in any way offend against the rules of evidence. What was said and done by the parties present after the arrival of the appellant and before the time of his arrest, as well as the fact of his arrest, was properly received under the rule of *res gestae.*

It was also competent for the State to prove that the officers were watching the sack; that they expected some one to remove it. Appellant, on cross-examination, proved by one of the officers that the appellant had been pointed out to him. There was no error in permitting the State, on re-direct examination, to show the name of the person by whom the appellant was pointed out to the officer.

The conversation between appellant and the woman mentioned was properly received.

The complaint that a witness smelled the contents of one of the bottles and said that it smelt like tequila seems frivolous in view of the fact that the evidence, without dispute, showed the contents of the bottles to have been an intoxicating beverage containing forty-four per cent alcohol.

Witnesses supporting the good reputation of the appellant as a law-abiding citizen reaching back to a time antecedent to the adoption of the prohibition laws throughout the State having been introduced by the appellant, there was no error for the State, upon cross-examination, to develop the fact that at that time intoxicants could be obtained from others than bootleggers.

Other questions are directed towards character witnesses introduced by the appellant. It is not deemed necessary to discuss in detail the complaint in the bills. Suffice it to say that we fail to

discern any transgression of the rule governing cross-examinations, the conduct of which is generally under the direction of the trial judge.

The arguments complained of are but inferences drawn from the testimony. We are of the opinion that the bills complaining of them present no error.

Deeming the evidence sufficient, and finding no reversible error, the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

LATTIMORE, JUDGE.—It is urged that we did not discuss two of appellant's bills of exception which he thinks presented reversible error. One complains that one of the two officers who testified that they saw appellant come to a place where a sack of liquor was secreted, and saw him get it and take it back to the car that was accompanying his,—testified that he was out there with the other officer who informed him that there was going to be a delivery of whisky. The objection was that this was hearsay testimony. We are unable to attach the importance to this declaration that seems to obtain in the mind of appellant's. counsel. The jury were instructed not to consider the statement. Appellant was not named in the statement. The testimony for the State overwhelmingly shows appellant's guilt, and we would not think ourselves justified in holding the statement by the witness of this bit of hearsay testimony, of sufficient materiality to justify the reversal of the case. The other bill, which it is insisted we overlooked, presents objection to one of the officers testifying that when appellant picked up the sack containing the ten bottles of liquor, that he started back to the other car behind his to put it in the car." The objection is to the witness stating that appellant started "to put it in the car." We think it rather a refinement of reasoning to urge this as testimony materially injurious to the appellant. Appellant started some where with the liquor. His car was about twenty feet in front of another car stopped behind his. The officers both said that he went back to the other car. It would be wholly immaterial whether he put the liquor in that car or his own car. It is so manifest from the entire facts, if it be true that appellant did get the sack of liquor as testified to by the officers, that his purpose was to carry it away from the point, that we are unable to agree with counsel's argument in respect to the injury resulting from the statement of the conclusion or opinion of the witness.

There is an argument with regard to what is termed a fundamental error in the charge of the court. We do not so regard the matter referred to.

The motion for rehearing will be overruled.

*Overruled.*