W. B. Andrews v. The State.

No. 8684. Delivered April 22, 1925.

Rehearing denied June 10, 1925.

1.—Transporting Intoxicating Liquor—New Trial—Continuance—Properly Overruled.

Where an application for a continuance on account of three absent witnesses and on the hearing of the motion for a new trial one of such witnesses appears and testifies but does not sustain appellant's statements set out in his motion for a continuance, and the facts expected to be proven are clearly established by other witnesses, and undisputed, such continuance was properly refused, and the motion for a new trial properly denied.

2.—Same—Bills of Exceptions—Question and Answer Form.

Appellant's bills of exceptions appearing in question and answer form will not be considered.

3.—Same—Evidence—Properly Admitted.

Where the evidence discloses that appellant owned and rode a horse on which whisky was found no error is presented in the admission of proof that whisky was found on said horse.

4.—Same—Evidence—Acts of Appellant—Properly Admitted.

No error was committed in admitting proof that appellant kicked and broke jars containing whisky taken out of a hack belonging to him at the time of his arrest. Following Roberts v. State, 269 S. W. 103, Newman v. State, 269 S. W. 87.

Appeal from the District Court of Van Zandt County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Wyne & Wyne,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, Judge.—Appellant was charged by indictment with unlawfully transporting intoxicating liquors in Van Zandt County and

convicted in the district court of said county on January 22, 1924, of said offense, and his punishment assessed at one year's confinement in the penitentiary; from which conviction he has appealed to this court for a reversal upon complaints set out in his bills of exception from 1 to 9, inclusive.

The facts, briefly stated from the record, show that appellant started alone on horseback from Eustice, in Henderson County, and others on horseback and in a hack from the same place, and all apparently going to the same destination, but before reaching Needmore, in Van Zandt County, appellant overtook the hack and got off the horse he was riding and rode in the hack, and one Burns got out of the hack and rode the horse that appellant was riding along with the hack into Needmore, where they all took lunch, and when they started out to get in the hack a deputy sheriff arrested appellant and found whiskey in the hack and on the horse that he had been riding. Appellant kicked the bottles or jars which contained the whiskey gotten out of the hack and broke them immediately after his arrest.

The first complaint raised is to the refusal of the court to grant him a continuance for the testimony of Mr. and Mrs. Andrews and one Hobert Fugate, alleged in said application to be for the purpose of proving by them that the hack had left Eustice before he did and that he left on horseback. Appellant failed to testify in the case, but the witness Fugate was placed on the witness-stand in support of the motion for a new trial and for the purpose of showing that the court erred in overruling the application for continuance, but the other two witnesses did not appear. The witness Fugate in his testimony did not sustain the material allegations in the application, but testified to appellant's overtaking the hack before they had reached Needmore and getting off his horse and riding in the hack, and to the effect that he did not know where the defendant was that morning prior to that time, and that the horse that the whiskey was found on was ridden by appellant and was owned by him and that the team, consisting of the horses and the hack that the whiskey was found in, was the property of appellant. The uncontradicted evidence shows that appellant did not leave Eustice at the same time that the hack did, and we see no error in overruling this application for continuance, because the fact that the appellant left Eustice by himself and not with the hack would have no material bearing on this case to show that he was not interested in the whiskey in question or owned same.

There are several bills of exceptions in question and answer form, and under the statutes and the decisions of this court we are prohibited from considering same. Art. 846, C. C. P.

Appellant complains of the action of the court in admitting evidence relative to finding the whiskey on the horse, because it did

not show that he had any connection with it. We can not agree
with this contention, because the evidence discloses that he owned
the horse and rode the horse up to within a short distance of
where the whiskey was found, and that they were all traveling to-
gether at the time the whiskey was found, and we think it was a
circumstance—at least it was admissible—to prove the contention of
the State.

Appellant also complaint of the action of the court in permitting
witnesses to testify to his kicking and breaking the jars or bottles
with the whiskey in them and which were taken out of the hack
at the time of his arrest, because he was then under arrest. This
evidence was clearly admissible on the grounds of res gestae. Roberts
v. State, 269 S. W. 103; Newman v. State, 269 S. W. 87.

There is also complaint upon the part of appellant to the intro-
duction in evidence of the bottle of whiskey taken off the horse,
upon the ground that the appellant was not shown to have any
connection with it. What we have said above disposes of this con-
tention against the appellant.

We have carefully considered all of the questions raised by the
appellant in the case, and we are forced to the conclusion that
there is no error shown in the record, and the judgment of the
trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been
examined by the Judges of the Court of Criminal Appeals and
approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—According to the testimony of the
witness, J. A. Rogers, who testified upon the trial in behalf of the
State, while sitting in a little store in the village of Needmore, he
observed four men approaching. Two were in a hack and two
were riding horseback. The men, one of whom was the appellant,
entered the store, purchased and ate some articles of food. While
in the store, the parties, according to the witness, were talking loud,
and the witness smelled the odor of whiskey. The witness went
out of the store before the appellant and his companions did and
stationed himself near the hack.

Appellant and Fugate came out of the store and got in the hack.
Burns, another member of the party, started to the horses. The
witness told them to stop and took from the hack a suit case in
which there was found wrapped up in a slicker six quarts of whiskey.

While the witness was engaged in making an examination of the
contents of the suit case, the appellant sprang from the hack and
began kicking the bottles, breaking some of them. The witness

resisted the efforts of the appellant to break the jars and a scuffle ensued in which it seems that all of the bottles of whiskey which were in the suit case were broken. The witness said:

"Mr. Andrews had charge of the team when they got in the hack ready to start."

In addition to the liquor found in the hack, there was a quart behind the saddle on one of the horses.

In the motion for rehearing, appellant through his counsel, insists that upon the trial of the case there was an utter absence of proof that the appellant and his companions were acting together. The testimony of Rogers, the officer, to which we have adverted, is not seriously controverted by any other testimony in the case. On the contrary, the appellant's action in endeavoring to destroy the whiskey that was contained in the suit case is corroborated. The fact that the party, two on horseback and two in the hack, arrived at the store at the same time and were seen by the witness in company with each other is not disputed. They entered the store together and left it in company with each other.

The appellant's position that the evidence to the effect that there was a bottle of whiskey upon one of the horses should have been rejected, we think is untenable. It was a part of the res gestae. The relation of the parties in their associations, as shown at the time, and the fact that both on the horse and in the hack there was whiskey, the case being one of circumstantial evidence, were of some degree of relevancy. Aside from these facts, however, it occurs to the writer that the circumstances connected the appellant with the transportation of the whiskey which was in the hack. The jury was instructed that the State relied upon circumstantial evidence. It was in a manner secreted in the slicker which was in the suit case. The appellant's conduct in endeavoring to suppress the fact that it was whiskey by destroying it would support the inference that he knew it was in the vehicle and that he was connected with its ownership.

In the motion for new trial, the testimony of Hobert Fugate was taken. He was a cousin of the appellant and also related to some of the other members of the party. According to his testimony, the hack in question belonged to the appellant. The appellant was seen by the witness to overtake the hack about a mile from Needmore. Appellant got off his horse and got in the hack. Burns then got on the horse and the party went to Needmore. The witness was riding horseback in the rear of the hack, and had no knowledge when the appellant left Eustace. He knew that the horse upon which the bottle of liquor was found was the one off of which the appellant got at the time he got in the hack.

An application for a continuance was made on account of the absence of Hobert Fugate, who saw no whiskey in the hack inte-

cedent to the time that the officer took charge of it. He·had not been subpoenaed though process had been issued for him to Henderson County.

Without discussing it, we think the diligence set out in the application for a continuance is insufficient to comply with the requisites of the law contained in Art. 608, C. C. P., Moreover, the purported testimony of the witness is not such as would justify this court in· holding that in refusing to grant the ·motion, the trial court abused the discretion which is vested in him by the statute mentioned. The circumstances, as above stated, were sufficient to support the finding by the jury that the suit case containing the whiskey was transported and that in its transportation the appellant was a conscious actor. Whether he connected himself with the transportation at the beginning of the journey or at a later period is of little consequence. That he was criminally connected with the transportation of the whiskey at some stage of its progress would suffice. Lamb v. State, 95 Texas Crim. Rep. 457; Tullos v. State, 268 S. W. Rep. 174, and cases therein collated.

The motion for rehearing is overruled.

*Overruled.*