ALBERT JOHNSON V. THE STATE.

No. 10052.   Delivered March 31, 1926.

Rehearing denied May 17, 1926.

1.—Transporting Intoxicating Liquor—Evidence—Held Sufficient.

Where, on a trial for transporting intoxicating liquor, the state shows that the sheriff located three one-gallon jugs of whiskey, secreted under a cedar bush some three miles from Big Spring. He secreted himself and waited, and during the afternoon appellant driving a car with one Wilkerson stopped near the whiskey, and Wilkerson went to the whiskey and picked up two of the jugs and started to the car and, after going some ten or fifteen steps, he was arrested. Appellant claimed the whiskey and stated that Wilkerson had no interest in it. This evidence fully sustained the conviction.

2.—Same—Charge of Court—On Principals—Held Proper.

Parties may be co-principals in the commission of the offense of transporting intoxicating liquor. and there was no error in the instant case in the court charging on the law of principals.

3.—Same—Transportation—How Constituted.

Where the evidence clearly establishes that the transportation of intoxicating liquor has begun, it is not necessary to show that it had been com-

pleted. Appellant's co-principal having begun the transportation by taking up the whisky and starting some ten or fifteen steps with it, toward the car in which appellant was driving, this constituted a transportation within the meaning of the law. See Lamb v. State, 95 Tex. Crim. Rep. 457, and other cases cited.

ON REHEARING.

3.—Same—Charge of Court—Instructed Verdict—Rule Stated.

We know of no rule, either of statute or decision, which makes it obligatory upon a trial court to pass upon the sufficiency of the testimony. Our statutes places the burden of passing upon the facts proven, and the credibility of the witnesses upon the jury. If the defendant does not feel that the state has made out its case, and desires a decision upon the testimony originally offered by the state, he has the right to then rest his case and if convicted seek a new trial in the court below, or appeal on the sufficiency of the testimony.

Appeal from the District Court of Howard County. Tried below before the Hon. W. P. Leslie, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Anderson & Mobley* of San Angelo, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the unlawful transportation of intoxicating liquor, with punishment assessed at one year in the penitentiary.

Appellant's main contention is that the evidence does not warrant the conviction. We are not able to agree with him on this point. The evidence is short and undisputed. In some way not disclosed the sheriff had learned there were three gallon jugs of whiskey secreted under a cedar bush in a pasture some three miles from Big Spring and near the road leading from there to appellant's home. The officer had secreted himself and was watching the whiskey. About 2 o'clock in the afternoon a car driven by appellant came from the direction of the town named and stopped in the road at a point opposite the whisky. W. S. Wilkerson got out of the car, went through the fence, walked up to where the whiskey was, looked over in the bush under which it was sitting, ran back and got in the car, and they drove on down the road out of sight but returned in a few minutes going back towards town. The officer remained on watch. About sundown appellant and Wilkerson again ap-

peared. Appellant was driving. He stopped the car but left the engine running. Wilkerson again went to the whiskey, picked up two of the jugs and started to the car with it. After going some ten or fifteen steps the sheriff stopped him. Appellant's own evidence is to the effect that as he and Wilkerson were going to Big Spring on the morning of the day mentioned appellant bought the whiskey from a Mexican, but not wishing to take it into town had directed him to put it in the pasture where the officers found it and that he intended to get it as he went back home. He explained that the trip made by them at 2 o'clock was only to ascertain if the whiskey was still there. Appellant claimed the whiskey and said Wilkerson had no interest in it whatever but was only bringing it to the car for appellant. This is perhaps explained from the record showing that appellant was crippled as the result of injuries sustained in an accident some time before.

The recital of the foregoing facts leave no doubt as to the evidence being sufficient to support the verdict and judgment. Parties may be co-principals in the commission of the offense of unlawfully transporting intoxicating liquor the same as in the commission of any other felony. The learned trial judge recognized this and properly charged on principals in the present case. Appellant and Wilkerson were acting together; indeed Wilkerson seemed to be acting for appellant in bringing the whiskey to the latter's car. Appellant intended continuing with it to his home which was several miles distant. The transportation had begun. It was not necessary that it be completed. Lamb v. State, 95 Tex. Crim. Rep. 457, 255 S. W. 424; Lee v. State, 95 Tex. Crim. Rep. 654, 255 S. W. 425; Black v. State, 96 Tex. Crim. Rep. 56, 255 S. W. 731; Hannon v. State, 96 Tex. Crim. Rep. 660, 259 S. W. 1083; Finley v. State, 96 Tex. Crim. Rep. 542, 258 S. W. 1062; Tullos v. State, 268 S. W. 174; Winters v. State, 275 S. W. 1015.

Appellant defended on the ground that he had bought the whiskey to take home to be used for medicinal purposes. This issue was properly submitted and the jury settled it against accused.

We have carefully examined the bills of exception which raise other questions. In our opinion none of them present error calling for a reversal.

The judgment is affirmed.                          *Affirmed.*

Morrow, Presiding Judge, absent.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant again urges that this case should have been reversed because the trial court refused his motion for an instructed verdict, said motion being presented at the close of the state's testimony. We know of no rule either of statute or decision which makes it obligatory upon the court, in the first instance, to pass upon the sufficiency of the testimony. Our statute puts the burden of passing upon the facts proven and the credibility of the witnesses upon the jury. If appellant felt satisfied that the state had not made out its case, and desired a decision upon the testimony originally offered by the state, he had the right to rest his case and have it then decided, and could have sought a new trial in the court below or on appeal on the sufficiency of the testimony.

We have again reviewed the record, having in mind appellant's complaint at the holding that he was sufficiently shown to be a principal offender. It being admitted that W. L. Wilkerson transported the liquor in question enough to make his act a violation of the law, we find in appellant's own testimony the admission that the whiskey was his, that he had it put at the place where it was when Wilkerson took it into his manual possession at the time of transportation, that he drove to said point in his car, intending to get the whiskey and carry it on to his home, that he sat in the car with its motor running while Wilkerson got out of said car and went to the place where the whiskey was and picked it up and started back to the car with same. The proposition seems so plain that the testimony of appellant supplied every necessary element in establishing the fact that he was thus present, acting with Wilkerson with a common intent and purpose, as to leave no doubt of the propriety of the conclusion that he was a principal as found by the jury.

Being unable to agree with appellant's contention, the motion for rehearing will be overruled.    *Overruled.*