## SAMMY MCGEE V. THE STATE.

### No. 10051.   Delivered March 31, 1926.

**Transporting Intoxicating Liquor—Evidence—Held Sufficient.**

Where appellant was seen to step out of an automobile, and get two gallons of whiskey, which had been secreted in some weeds, place the whiskey in the car, and when called on by the officers, speeded away, the car being afterward found by officers in town with the broken jugs in it, this evidence supports the verdict. When the appellant started to the automobile, the transportation had begun.   See Lamb v. State, 95 Tex. Crim. Rep. 457, and other cases cited.

Appeal from the District Court of Howard County. Tried below before the Hon. W. P. Leslie, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robt. M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the unlawful transportation of intoxicating liquor, with punishment of one year in the penitentiary.

The record contains no bills of exception nor objection to the court's charge. The evidence sustains the verdict. Officers had discovered two gallon jugs of whiskey under some weeds in a lane. They secreted themselves near by. Appellant and two other parties drove down the lane in an automobile. As it went slowly by the point where the whiskey was hidden appellant stepped out of the car and went to the whiskey. The car was turned around some fifty yards beyond this point and as it came slowly back appellant picked up the two gallons of whiskey and started to the car, at which time the officers called to him. He threw the jugs in the car and fell in himself and the car speeded away. The officers later found the car in town with the broken jugs in it. The officers had examined the contents of the jugs and ascertained it was whiskey before appellant and his companions appeared on the scene. When appellant started to the automobile with the whiskey the transportation had begun. Lamb 1. State, 95 Tex. Cr. R. 457, 255 S. W.

424; Lee v. State, 95 Tex. Cr. R. 654, 255 S. W. 425; Black v. State, 96 Tex. Cr. R. 56, 255 S. W. 731; Hannon v. State, 96 Tex. Cr. R. 660, 259 S. W. 1083; Finley v. State, 96 Tex. Cr. R. 542, 258 S. W. 1062; Tullos v. State, 268 S. W. 174; Winters v. State, 275 S. W. 1015.

The judgment is affirmed.

*Affirmed.*

Morrow, P. J., absent.