BARNEY HOWLE V. THE STATE.

No. 15369.   Delivered November 23, 1932.
Rehearing Denied January 11, 1933.
Reported in 55 S. W. (2d) 838.

The opinion states the case.

*Jones & Jones,* of Mineola, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, transporting intoxicating liquor; the punishment, two years in the penitentiary.

There are no bills of exception in the record. The case is submitted here upon the sufficiency of the evidence to support the conviction. The testimony for the state came from two witnesses. Wesley Taylor, sheriff of Wood county, testified that he knew the appellant and had occasion to see the appellant on or about the 5th day of December, 1931, out by a truck parked on the side of the road and he took out after him and he threw down approximately a quart of whisky in a half-gallon fruit jar; that this happened east of Mineola, 8 or 9 miles; that he ran after appellant about 30 or 40 steps and at the time he first saw the appellant he was on the side of a truck and there were others with the appellant at the time but he did not know who they were; that he arrested the appellant and recovered the whisky.

The witness T. H. Faulk, county attorney of Wood county, testified for the state that he was with Sheriff Taylor on the occasion when he arrested the appellant and there was no one else with them; that they were coming from the east and the truck was parked on the right-hand side of the road and the first thing he observed was that he saw someone jump from under the steering wheel of the truck and Taylor turned his car and threw his lights in a northwesternly direction and appellant was going down the dump and as he got down the dump he threw a fruit jar down and he turned around to see what had become of the rest and Taylor chased appellant and caught him and came back and picked up the whisky; that he

saw the appellant throw it down and he did not know where the other persons went. He further testified that he was about 10 or 12 steps from the appellant when he saw him throw the jar down; that the appellant was in the gleam of Mr. Taylor's headlights.

The appellant did not testify as a witness in his own behalf but he offered testimony to the effect that others had been with him and were with him at the time and they saw no whisky around or in the car or on appellant's person prior to the time he fled from the officer.

The issue of whether or not the appellant unlawfully transported intoxicating liquor was fairly submitted to the jury in the court's charge, and the jury having decided said issue against the appellant, we see no reason under the facts in this case to disturb the verdict.

We note that the verdict of the jury finding the appellant guilty assessed his punishment at two years in the penitentiary and the sentence fixed his punishment at confinement in the penitentiary for a straight term of two years. The sentence will therefore be reformed so as to assess appellant's punishment at confinement in the penitentiary for an indeterminate period of not less than one year nor more than two years, and as so reformed, no reversible error appearing, the judgment is affirmed.

*Reformed and affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The evidence is accurately and fully set out in the original opinion. Appellant contends that the evidence does not show the commission of an offense. That the appellant was in possession of a jar of whisky; that upon the approach of the officer's car the appellant fled, taking with him the whisky; that he abandoned it when the officers pursued him, were undisputed facts before the jury. The distance which the intoxicating liquor was moved has not been regarded as the sole test, but the circumstances surrounding the transaction are important in interpreting the conduct of the accused. See Tullos v. State, 99 Texas Crim. Rep., 122. See, also, precedents cited therein, including Lamb v. State, 95 Texas Crim. Rep., 457, 255 S. W., 424; Finley v. State, 96 Texas Crim. Rep., 542, 258 S. W., 1062; Lee v.

448

State, 95 Texas Crim. Rep., 654, 255 S. W., 425; Coburn v. State, 96 Texas Crim. Rep., 25, 255 S. W., 613; Black v. State, 96 Texas Crim. Rep., 56, 255 S. W., 731. See, also, Riddle v. State, 109 Texas Crim. Rep., 258, 4 S. W. (2d) 56. The cases of Murphey v. State, 109 Texas Crim. Rep., 524, 5 S. W. (2d) 988, and West v. State, 93 Texas Crim. Rep., 370, 248 S. W., 371, to which the appellant refers, are not regarded as controlling. The possession or movement of the whisky in question by West was supported by very meagre circumstances which on the whole, in view of the other testimony adduced upon the trial, are deemed insufficient to support the state's contention of guilt. Likewise, in Murphey's case, supra, there was testimony adduced explanatory of the facts relied upon by the state, which testimony was deemed such as to negative the intent of the accused to transport the whisky in question.

The facts in the present instance are deemed such as to justify the jury in concluding that the appellant was transporting the whisky found in his possession.

The motion for rehearing is overruled.

*Overruled.*