

# NUMBERS 13-15-00430-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ADAM ANDERSON,                                             **Appellant,**

**v.**

THE STATE OF TEXAS,                                      **Appellee.**

### On appeal from the 117th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes and Longoria
### Memorandum Opinion by Justice Perkes

Appellant Adam Anderson appeals his convictions for one count of continuous family violence, a third-degree felony, *see* TEX. PENAL CODE ANN. 25.11 (West, Westlaw through 2015 R.S.), and two counts of assault family violence, third-degree felonies. *See id.* § 22.01(b)(2)(A) (West, Westlaw through 2015 R.S.). All counts were enhanced by Anderson's status as a habitual felony offender. *See id.* § 12.42(d). A jury found

appellant guilty, and the trial court imposed concurrent sentences of fifty years' imprisonment in the Texas Department of Criminal Justice-Institutional Division. By two issues, Anderson argues: (1) "[t]he trial court abused its discretion by disallowing the Defense from making its motion for directed verdict once the State rested[;]" and (2) "[t]he trial court erred by allowing extrinsic evidence to prove that [Anderson's] 2012 conviction involved family violence." We affirm.

## I. BACKGROUND[1]

Vanessa Shaw, Anderson's wife, testified that Anderson assaulted her on October 10 and December 17, 2014. Law enforcement officers responded to emergency calls on both occasions, and the State introduced photographs of Shaw's injuries. The State also introduced evidence of a prior 2012 assault conviction by way of a certified copy of the judgment. *See id.* § 22.01(b)(2)(A) (enhancing assault causing bodily injury to third-degree felony based on a prior conviction involving assault family violence). Shaw testified that she was in a dating relationship with Anderson when he assaulted her in 2008, which resulted in Anderson's 2012 conviction. The trial court overruled Anderson's objection to Shaw's testimony regarding the prior assault conviction.

After the State's case-in-chief, the following exchange took place:

[Trial Court]:             All right. Call your next witness.

[Prosecutor]:            At this time, Your Honor, the State rests.

[Trial Court]:             What is the preference of the defense?

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

| | |
|---|---|
| [Defense Counsel]: | At this time, Judge, we have a motion for a directed verdict. |
| [Trial Court]: | Well, first of all, we don't entertain such motions until after the evidence has been concluded, so you have to make—could you determine whether or not you're going to go forward on the evidence? |
| [Defense Counsel]: | Yes, Judge, I am. |
| [Trial Court]: | Call your next witness—or your first witness I guess I should say. |
| [Defense Counsel]: | Mr. Adam Anderson. |

Anderson denied that he assaulted Shaw, but admitted that he was in a dating relationship with Shaw at the time of his prior assault conviction. After the close of all evidence, Anderson's attorney again raised a motion for directed verdict, arguing that the State failed to prove a prior assault conviction involving family violence. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A). The trial court denied Anderson's motion. The jury returned a guilty verdict, and this appeal followed.

## II. DIRECTED VERDICT

By his first issue, Anderson argues "[t]he trial court abused its discretion by disallowing the Defense from making its motion for directed verdict once the State rested." Anderson maintains that by refusing to rule on his motion after the State rested, the trial court shifted the burden of proof to the defendant and violated Anderson's right to remain silent. Anderson reasons that he was harmed by the trial court's refusal because he decided to testify "without being armed with the knowledge of the trial court's opinion on the strength or weakness of the evidence."

3

To preserve error, a party must, among other things, obtain a ruling on the complaint or object to the trial judge's refusal to rule. *See* TEX. R. APP. P. 33.1(a)(2) ("As a prerequisite to presenting a complaint for appellate review, the record must show. . . the trial court: (A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal."). Here, the trial court declined to rule on Anderson's motion for directed verdict until after the evidence was concluded; Anderson did not thereafter object to the trial court's failure to rule. Anderson therefore did not preserve error for review on appeal. *See Thierry v. State*, 288 S.W.3d 80, 85 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) ("In order to preserve error for appeal, a complaining party must not only object, but must obtain an adverse ruling on the record or object to the trial court's refusal to rule on the objection.")

Even if we were to address Anderson's issue, we would not find error. "A 'directed verdict' is commonly defined as the action taken by a trial judge in a jury trial to decide the issues in the case without allowing them to be submitted to the jury because, as a matter of law, the party with the burden of proof has failed to make a prima facie case for jury consideration."[2] *State v. Lewallen,* 927 S.W.2d 737, 739 n. 2 (Tex. App.—Fort Worth 1996, no pet.). A motion for a directed verdict is a challenge to the legal sufficiency of the evidence, but such a motion is not required to preserve the issue for appeal. *See*

---

[2] The Texas Code of Criminal Procedure does not explicitly address the trial court's power to grant a directed verdict or the procedure necessary to seek such an action. Where the Code of Criminal Procedure "fails to provide a rule of procedure in any particular state of case which may arise, the rules of the common law shall be applied and govern." TEX. CODE CRIM. PROC. ANN. art. 1.27 (West, Westlaw through 2015 R.S.).

*Moff v. State*, 131 S.W.3d 485, 488 (Tex. Crim. App. 2004); *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). The trial court's inaction did not prevent Anderson from challenging the legal sufficiency of the evidence by raising a motion for directed verdict prior to submission of the case to the jury, or through an issue raised on appeal. Albeit the trial court ultimately denied Anderson's re-urged motion for directed verdict at the close of all evidence, he has chosen not to raise a legal sufficiency challenge on appeal.

Further, we disagree that the trial court's failure to rule on the first motion somehow required Anderson to testify or present evidence. Anderson alone made the decision to testify at trial. *See Johnson v. State*, 283 S.W. 809, 810 (Tex. Crim. App. 1926) (finding no error in trial court's failure to rule on motion for a directed verdict and explaining "[appellant] had the right to rest his case and have it then decided, and could have sought a new trial in the court below or on appeal on the sufficiency of the testimony"); *see also Orr v. State*, 61 S.W.2d 490, 493 (Tex. Crim. App. 1933) ("[The defendant] cannot compel the trial of a case by piecemeal. When the State rests its case and the accused does the same, then and then alone can the court be compelled to formulate and submit his charge to the jury."). We overrule Anderson's first issue.

### III. ASSAULT FAMILY VIOLENCE

By his second issue, Anderson argues "[t]he trial court erred by allowing extrinsic evidence to prove that [Anderson's] conviction involved family violence." Specifically, Anderson maintains that the trial court should not have allowed testimony "to establish that his 2012 conviction was actually a family violence assault."

### A. Standard of Review

We review a trial court's ruling on the admission or exclusion of evidence for an abuse of discretion. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011); *Walker v. State*, 321 S.W.3d 18, 22 (Tex. App.—Houston [1st Dist.] 2009, pet. dism'd). We will uphold the trial court's ruling unless it falls outside the "zone of reasonable disagreement." *Tillman*, 354 S.W.3d at 435; *Walker*, 321 S.W.3d at 22. If the trial court's evidentiary ruling is reasonably supported by the record and correct on any theory of applicable law, we will uphold the decision. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009); *Tarley v. State*, 420 S.W.3d 204, 206 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd).

**B.      Section 22.01(b)(2)**

Section 22.01(b)(2) enhances the offense of assault causing bodily injury from a Class A misdemeanor to a third-degree felony. *Agbogwe v. State*, 414 S.W.3d 820, 840 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing TEX. PENAL CODE ANN. § 22.01(b)(2)(A)). The offense is a third-degree felony if it is committed against "a person whose relationship to or association with the defendant is described by Section 71.0021(b) [defining dating relationship], 71.003 [defining family relationship], or 71.005 [defining household], Family Code," and "it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter . . . against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code." TEX. PENAL CODE ANN. § 22.01(b)(2)(A).

**C.   Analysis**

6

Anderson argues the trial court abused its discretion by allowing extrinsic evidence to prove that Anderson and Shaw were in a dating relationship at the time of his prior conviction. Anderson contends that only the judgment of conviction should be reviewed to determine whether the prior assault was one involving family violence.

"Where [statutory language] is clear and unambiguous, we will give effect to its plain meaning, unless that meaning would lead to absurd consequences that the legislature could not have intended." *Reynolds v. State*, 423 S.W.3d 377, 382 (Tex. Crim. App. 2014) (citations omitted). Section 22.01(b)(2)(A) unambiguously provides that the State must prove (1) the defendant has been previously convicted of assault, and (2) the assault was committed against a member of the defendant's family or household or someone with whom the defendant was in a dating relationship. *Mitchell v. State*, 102 S.W.3d 772, 775 (Tex. App.—Austin 2003, pet. ref'd) (citing TEX. PENAL CODE ANN. § 22.01). The statute contains no language requiring an affirmative finding regarding family violence in the previous assault judgment. *See Miller v. State*, 33 S.W.3d 257, 260 (Tex. Crim. App. 2000) ("[I]t is not for the judiciary to add to or subtract from the statute.") Accordingly, the State could meet its burden under section 22.01 by introducing a previous judgment of conviction for assault, together with extrinsic evidence that the victim of that assault was a member of the defendant's family or household or was in a dating relationship with the defendant. *See Tanner v. State,* 335 S.W.3d 784, 785 (Tex. App.—Amarillo 2011, no pet.) (extrinsic evidence can be introduced to prove prior offense involved family violence in a prosecution for felony family violence assault); *Mitchell*, 102 S.W.3d at 775 (same); *Goodwin v. State,* 91 S.W.3d 912, 919 (Tex. App.—

7

Fort Worth 2002, no pet.) (same); *State v. Eakins,* 71 S.W.3d 443, 445 (Tex. App.—Austin 2002, no pet.) (same*).* The trial court did not abuse its discretion in allowing Shaw's testimony concerning her relationship to Anderson. We overrule Anderson's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of November, 2016.