JESSE BROWN V. THE STATE.

No. 9594.   Delivered Nov. 25, 1925.

Rehearing denied Jan. 13, 1926.

**Transporting Intoxicating Liquor—Evidence—Held Sufficient.**

Where on a trial for transporting intoxicating liquor, officer saw appellant get out of an automobile with a bottle of whiskey in his hands, hide it in some weeds near the car, and later return and get the whiskey and drink some of it and give a drink to another party, this testimony being uncontroverted by appellant and no evidence being introduced in his behalf, we cannot agree with his contention that the evidence is insufficient to support the verdict, and the cause is affirmed.

Appeal from the District Court of McCulloch County. Tried below before the Hon. J. O. Woodward, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*J. E. Shropshire,* of Brady, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is transporting intoxicating liquor and the punishment is two years in the penitentiary.

Appellant's only complaint in his brief is that the evidence is insufficient to support the verdict. We take the following brief statement of the facts from appellant's brief:

"The evidence of transportation shows the following facts only. That a car, or automobile was seen by the officer approaching a crossing on Brady Creek at a distance of about 125 yards. It came to and across the creek at a very slow rate of speed, and while it was in the bed of the creek, defendant stepped out of the car, with a quart fruit jar about two-thirds full of whiskey in his hands. That defendant let the car pass on up the south bank of the creek and made about ten or twenty steps with his whiskey and hid it in some weeds on the west side of the road, on the south bank of the creek. He then went and got a friend, and came back

to the place and he and his friend took a drink from the jar, at which time he was arrested by the officer."

Under this statement of facts, appellant very earnestly contends that he is not guilty of transporting intoxicating liquor. We cannot agree with his contention in this respect. On the contrary, we think that the testimony is amply sufficient from both the standpoint of the positive testimony and from circumstantial evidence to show his guilt beyond the possibility of a doubt. We think his own statement of the facts show beyond controversy that he carried the liquor from the car to its hiding place, a distance of from ten to twenty steps. We have been cited to no authority and indeed we know of none that holds that this within itself would not constitute transportation. Taken together, however, with the fact that the car was seen to come down the road one hundred and twenty-five yards and that the appellant was in the car when it reached the creek where the witness was, makes it certain to our minds that the jury was warranted in saying that at least circumstantially, the facts were capable of no other solution than that this appellant was transporting this whiskey along the road in that car. He offers no testimony and no explanation as to his theory of the case but relies alone on the insufficiency of the State's testimony.

We do not think that the jury would have been justifiable in reaching any other conclusion than the one that is made manifest by their verdict. Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

BERRY, JUDGE.—Appellant very earnestly contends in his motion for rehearing that we were in error in holding the facts sufficient to overcome the presumption of innocence in this case. We simply held that under the facts stated in the original opinion which facts were taken from appellant's brief and which were justified by the record in the case, that they were amply sufficient to show that appellant transported the liquor in question. This placed the burden on him to show if he could that he was transporting it for one of the pur-

poses permitted by law. Robert v. State, 90 Tex. Crim, Rep. 133, 234 S. W. 89; Mayfield v. State, 244 S. W. 819; McNeil v. State, 247 S. W. 536; Mayo v. State, 245 S. W. 241. This burden would have been discharged had the evidence been sufficient to raise in the minds of the jury a reasonable doubt on this issue. The testimony, however, contains no suggestion that the liquor in question was transported for a purpose permitted by law, hence we cannot agree with appellant's very earnest contention that we were in error in holding that the evidence is sufficient to support the verdict.

Appellant's motion for rehearing will, therefore, be overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.