HUGH WADE V. THE STATE.

No. 9871.  Delivered March 17, 1926.

Rehearing denied April 14, 1926.

1.—Transporting Intoxicating Liquor—Transporting—What Constitutes.

In order to constitute the offense of transportation it is not necessary that the distance travelled, or all of the way the liquor is transported be shown.  Nor is it necessary that the testimony show a completed journey.  When the most that can be concluded is that the accused picked up the liquor, and moved it a few feet, and no inference can be indulged that this was the beginning or the ending of what is deemed transportation, this may be doubted as sufficient testimony to support the conviction of transportation.  See Tullos v. State, 99 Tex. Crim. Rep. 551, and other cases cited.

**2.—Same—Continued.**

In the instant case, the movements of appellant, as sworn to by him, were such that if the jury believed he had the liquor, when he walked back through the restaurant and out to where the officers saw him put the liquor down, it would unquestionably be a case of transportation. Distinguishing West v. State, 93 Tex. Crim. Rep. 370, and Warren v. State, 94 Tex. Crim. Rep. 243.

ON REHEARING.

**3.—Same—Evidence—Held Sufficient.**

Where the evidence of the state, if believed, is sufficient to support the verdict, the fact that the appellant denies the facts testified to by state's witnesses, presents an issue for the jury to pass upon, and having decided this issue against appellant, we do not feel authorized to disturb their findings.

Appeal from the Criminal District Court of Travis County. Tried below before the Hon. Jas. R. Hamilton, Judge.

Appeal from a conviction for transporting intoxicating liquor. penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robt. M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in Criminal District Court of Travis county of transportation of intoxicating liquor; punishment fixed at one year in the penitentiary.

There is but one bill of exceptions in this record, and same complains of the refusal of the court to give a peremptory instruction of not guilty. We are not in accord with the contention thus set forth.

According to the state's testimony appellant was seen to walk out of the back door of what is known as the Dixie Cafe in Austin and from thence across the back yard of said cafe and to deposit two bottles of whiskey in a box. He then walked a little way in a different direction and handed a bottle of said liquor to one Cunningham. Testifying in his own behalf, appellant denied having any whiskey and stated that his car was parked near said cafe and that he and one Davis were walking around, and that said Cunningham asked them if they wanted a drink and that he replied that he did and went back through the cafe to the back yard, and in a short time Cun-

ningham and Davis came back there and that Cunningham took out a bottle of liquor and before he, appellant, ever took the same in his hand the officer arrested them.

In order to constitute the offense of transportation it is not necessary that the testimony show all of the distance traveled or all the way the liquor is transported. Tullos v. State, 99 Texas Crim. Rep. 551. Nor is it necessary that the testimony show a completed journey. Lamb v. State, 95 Texas Crim. Rep. 475; Lee v. State, 95 Texas Crim. Rep. 654; Hill v. State, 96 Texas Crim. Rep. 165. In the case of West v. State, 93 Texas Crim. Rep. 370, and Warren v. State, 94 Texas Crim. Rep. 243, no such facts are presented as appear in the instant record. When the most that can be concluded as to the connection of the accused with the liquor is that he picked it up and moved it a few feet, and no inference can be indulged that this is the beginning or end of what is deemed transportation, this may be doubted as sufficient testimony to support the conviction of tranpsortation. This is the character of case made out in the West and Warren cases, supra. No such claim appears in this case. The movements of appellant as sworn to by him were such as that if the jury believed he had the liquor when he walked back through the restaurant and out to where the officer saw him put the liquor down, it would be unquestionably a case of transportation.

Being unable to agree with the contention made in appellant's requested instruction, and being further of opinion that the evidence suports the jury's conclusion, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In a courteous motion appellant urges that our conclusion appears based on the mistaken idea that this is a case of circumstantial evidence. We did not intend to convey such impression. Mr. McCoy swore that he saw appellant come into the back yard of the Dixie Cafe, walk across said yard and lay two bottles of whiskey "out of his hip pocket in that box;" then saw two other men come out of the cafe into the yard and saw appellant walk between these two men and hand another bottle to "this big man," who was tearing the paper off this bottle and pulling the cork out when witness took the bottle out of his hand. As to what occurred before appellant walked out into said yard,—we find in the tes-

timony of witness Loveless the statement, in substance, that he with appellant and two other men were on the sidewalk in front of said cafe; that appellant went in the restaurant and witness followed. Witness stopped at the water cooler, and when he got out in the back yard the others were under arrest. It thus appears that if appellant had the whiskey in his pocket as testified to by the officer, and that he had just come from the sidewalk in front through the restaurant, and to the place where he put the whiskey down, this was transportation. Benson v. State, 95 Texas Crim. Rep. 311. It is true appellant denies having the bottle of whiskey in his pocket at all, but the jury has solved these fact issues against him.

Being unable to agree with appellant's contention, the motion for rehearing will be overruled.

*Overruled.*