### J. E. DEAVER V. THE STATE.

No. 9983.   Delivered March 24, 1926.

**Transporting Intoxicating Liquor—Search and Seizure Act—Not Applicable.**

Where an officer saw appellant drive into an alley, get out of car, leaving the engine running, and go into a toilet and place a box containing a jar of whiskey in the toilet, which the officer went to the toilet and took possession of, these facts do not bring the case within the purview of the search and seizure act. See Chaps. 49 and 149, Acts of 39th Leg., Reg. Session; also Acts 4a and 4b, C. C. P. of 1925 and Art. 690 P. C., 1925.

Appeal from the District Court of Hood County.   Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*M. L. Arrington* of Granbury, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

According to the state's testimony, appellant drove his automobile into an alley, got out of the car, leaving the engine running. He placed a box containing a jar of whiskey in a toilet. An officer who observed the transaction went to the toilet and took possession of the whiskey.

Appellant testified and denied having the whiskey in question or placing it in the toilet. He also offered some supporting testimony.

On the testimony, the jury might have decided the case in favor of the appellant, but it cannot be justly said that they were not authorized to believe the state's witness.

The receipt of the testimony of the state's witness Thorp is made the subject of complaint upon the ground that the jar of whiskey and the information upon which it was found were obtained without a search warrant and was inhibited by the acts of the Legislature prohibiting a search without a warrant and forbidding the use of information acquired by such search as evidence against the accused. It does not seem to the writer that the present case comes within the purview of the statutes mentioned. See Chapters 49 and 149, Acts of 39th Leg., Reg. Session; also Articles 4a and 4b, C. C. P., 1925; Art. 690, P. C., 1925. The offense, if any, was committed in the presence of the officer under conditions warranting the arrest of the appellant under Art. 690, P. C., 1925. No search was made, as the officer claims to have seen the appellant place the whiskey in the toilet. The closet did not belong to the appellant, nor was it in his possession. It is not believed that any of the statutes or constitutional provisions forbidding unlawful searches and seizures covered the transaction in question.

We have examined the other bills of exception contained in the record and find no error committed by the court in the trial of the case.

The judgment is affirmed.

*Affirmed.*