## ROBERT C. WYLIE V. THE STATE.

No. 10400.   Delivered December 15, 1926.

Rehearing denied February 16, 1927.

1.—Transporting Intoxicating Liquor—Evidence—Of Transportation—Held Sufficient.

Where appellant was seen by officers to deliver to one Subia a tin container, holding a gallon of alcohol, and to accompany said Subia and another party some 20 or 30 feet, and when accosted by officers appellant admitted that he did deliver the alcohol to Subia, this evidence was sufficient to show transportation. Following Brown v. State, 278 S. W. 436; Deaver v. State, 281 S. W. 861; Wade v. State, 281 S. W. 1049, and McGee v. State, 281 S. W. 1052.

2.—Same — Charge of Court — On Circumstantial Evidence — Properly Refused.

Where the appellant was seen by officers to deliver a gallon of alcohol to another party, and when they demanded of appellant to know what the parties had, admitted that it was alcohol, brought by him on the train from El Paso and delivered to them, a charge on circumstantial evidence was properly refused. Following Wilson v. State, 103 Tex. Crim. Rep. 403, and other cases cited.

3.—Same—Charge of Court—Alcohol an Intoxicant—Held Correct.

Where the evidence showed that the liquor in question was grain alcohol, and could be used for beverage purposes, there was no error in

the court's charge to the jury that alcohol is a liquor capable of producing intoxication. It is recognized to be such by law. Following Trammel v. State, 279 S. W. 277.

ON REHEARING.

**4.—Same—Res Gestae Declarations—Rule Stated.**

It is the well-settled rule that any statement made by the accused in any given case, admissible as res gestae, if material, can be proved on the original presentation of the state's case, and where such statement is sufficient to establish guilt it removes the case from the rule of circumstantial evidence. It may be different when the statement sought to be introduced is that of a third person. No error being presented the appellant's motion for rehearing is overruled.

Appeal from the District Court of Howard County. Tried below before the Hon. W. P. Leslie, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Clyde E. Thomas* of Big Spring, and *Baskin, Eastus & Greines* of Fort Worth, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Howard County of unlawfully transporting intoxicating liquor, and his punishment assessed at one year in the penitentiary.

Briefly stated, the record shows that the appellant was a cook on one of the dining cars running over the T. & P. Railroad between Fort Worth and El Paso; that the sheriff of Howard County, House, and his deputy, Stovall, were concealed under some cars at Big Spring when an eastbound passenger train came in at an early hour of the morning; and that they observed a Mexican by the name of Subia cross from the north side of the train to the south side thereof. The state's witnesses testified that they saw a man dressed in white pants step off the train and hand to Subia a tin container, whereupon Subia returned to the north side of the train and joined a Mexican by the name of Mendoza, handing to him the tin container, and both parties then proceeded toward the end of the train. The state's witnesses, at this time, observed the man attired in white trousers walking along the south side of the train in the

same direction that the Mexicans were going, and the three parties came together at the end of the train, talked a few minutes, then all three began walking off together. They had gone about 20 or 30 feet when the officers called to them and rushed toward them, and Mendoza dropped the tin container. The officers recognized the party who joined the Mexicans at the end of the train as being the appellant. When the officers rushed up and asked what the parties had, the appellant stated, according to the sheriff's testimony, and evidently referring to the tin container filled with alcohol:

"Cap'n, I'se not getting anything out of this; the boys just kept on after me to bring them something and I just brought it; I'se not selling it."

The witness, Stovall, testified that the appellant remarked:

"They just kept on at me to bring them some stuff from El Paso and I just brought it to get rid of them," and stated that he was not getting anything out of it. The officers took charge of the tin container and testified that it contained alcohol. The witness, Stovall, testified that "it was grain alcohol that could be used as a beverage." The undisputed testimony shows that the train which brought the appellant into Big Spring was from El Paso and was going to Fort Worth. The appellant testified that he got off the train at the time and place in question, but denied having delivered a can of alcohol or anything else to the Mexican, Subia, and introduced other witnesses associated with him in operating the dining car who testified, in substance, to the same effect.

We find three bills of exception in the record. In bill No. 1 the appellant complains of the refusal of the court to instruct the jury to return a verdict of not guilty. We are unable to perceive any error in the court's refusal to give this instruction, and think the evidence clearly shows that the alcohol in question had been transported on said train to Big Spring; that the appellant delivered same to the Mexican, Subia; that Subia and Mendoza, in company with the appellant, had carried same some 20 or 30 feet; and that they were then continuing their journey at the time of the arrest. This, we think, was sufficient to show transportation. Brown v. State, 278 S. W. 436; Deaver v. State, 281 S. W. 861; Wade v. State, 281 S. W. 1049; McGee v. State, 281 S. W. 1052.

In bill of exception No. 2 complaint is made to the refusal of the court to instruct the jury on the law of circumstantial evidence. We are of the opinion that the court committed no error in refusing to so charge the jury. The appellant's state-

ment to the officers when they demanded to know what the parties had was an admission which, in connection with the other facts proved, relieved the court of the necessity of charging on circumstantial evidence. Wilson v. State, 103 Tex. Crim. Rep. 403, 281 S. W. 844; Branch's Ann. P. C., Sec. 1874, citing Heard v. State, 24 Tex. Crim. App. 111, 5 S. W. 846, and many other authorities.

In bill No. 3 complaint is made because the court charged the jury that alcohol was a liquor capable of producing intoxication. The appellant contends that there are two kinds of alcohol, grain alcohol, which is intoxicating, and wood or denatured alcohol, which cannot be used as a beverage, and that the court's charge in this respect was incorrect and upon the weight of the evidence. The state's witness, Stovall, testified that the alcohol in question was grain alcohol and could be used for beverage purposes, and all of the state's witnesses referred to the liquid in question as alcohol, and no testimony was offered to the effect that the liquid was wood alcohol. We think, under the doctrine announced by this court in Trammell v. State, 279 S. W. 277, both in the original opinion and on rehearing, there is no error shown in this bill of exception.

After a careful examination of the entire record, we are of the opinion that there is no error shown and that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that we were wrong in holding that a statement made by him to the officers at the time of his arrest, was sufficient to take this case out of the rule of circumstantial evidence. He cites a number of cases in which we held the statements made by third parties admissible only for purposes of impeachment. This has no application whatever when the statement is made by the accused himself. Any statement made by the accused, in any given case, admissible as res gestae, if material, can be proved on the original presentation of the state's case. The rule in a given case may be different when the statement sought to be introduced is that of appellant's wife or some other third party.

We are unable to agree with appellant in his contention in this regard.

Appellant also insists that the evidence is not sufficient to show that the liquor in question was transported. We cannot agree to this proposition. The witnesses saw a man, whom they presently identified as appellant, hand to one Subia a package. A train had just come into the town of Big Spring from the west. The party handing the package to Subia was clad in white and was presently found to be the porter in the Pullman attached to the train. He came around the end of the train to where Subia and another Mexican were and engaged them in conversation. The three had started away when the officers approached and took the package away from Subia and found it to be alcohol. Appellant stated that he had brought it to them. We have no doubt of the sufficiency of the facts to show that the alcohol was transported.

The motion for rehearing will be overruled.

*Overruled.*