## JOE RIDDLE V. THE STATE.

No. 11362.   Delivered February 1, 1928.

Rehearing denied March 28, 1928.

**1.—Transporting Intoxicating Liquor—Charge of Court—On Circumstantial Evidence—Not Required.**

Where officers approach a car which they had followed some distance, and which came to a stop, and saw appellant get out of the car, and on observing the approach of the officers to reach into it and bring out a jar and break it on the door of the car, the contents of same smelling and tasting of whiskey, a charge on circumstantial evidence was not required. See Riojas v. State, 102 Tex. Crim. Rep. 258.

**2.—Same—Witness Under Rule—Discretion of Court—No Abuse Shown.**

The complaint that while the witnesses were under the rule, the court permitted an officer to give testimony reveals no abuse of the court's discretion.   See Art. 644, C. C. P. 1925; Vernon's Ann. Tex. Crim. Stats., Vol. 2, pp. 82-83; Dobbs v. State, 94 Tex. Crim. Rep. 351.

**3.—Same—Evidence—Properly Admitted.**

There was no error in permitting the witness, Mrs. Grishom, to testify that a day or two before the present transaction, she had seen the appellant near her house, transferring a jar from one car to another.

**4.—Same—Requested Charge—To Disregard Testimony—Properly Refused.**

There was no error in refusing to charge the jury, at the request of appellant, to disregard the testimony of witness, Mrs. Grishom, to the effect that she had seen the appellant near her home, on several occasions, where different automobiles had been parked, and had examined the ground and found where fruit jars had been left.   This testimony was pertinent on the question of intent.

**5.—Same—Requested Charge—On Knowledge—Properly Refused.**

There being no affirmative issue presented by the evidence, touching the knowledge of appellant of the unlawful act in question, the refusal of the court to give a special charge upon the subject of his want of knowledge, was not prejudicial error.

### ON REHEARING.

**6.—Same—No Error Disclosed.**

On rehearing, nothing is made to appear that our original disposition of the case was not correct.   We are unable to agree with appellant's contention that we erred in our former opinion holding the case not one of circumstantial evidence.   The facts are amply sufficient to show the guilt of the accused.

Appeal from the District Court of Titus County.   Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Sturgeon & Sturgeon* of Paris, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for unlawfully transporting intoxicating liquor, punishment fixed at confinement in the penitentiary for one year.

Some days before the arrest, appellant was observed by the witness, Mrs. Grishom, near her house and seen carrying fruit jars from one automobile and placing them in another. She testified that she telephoned to Officer Gann, but did not disclose the purport of the message or its date. On the day of the transaction on which this prosecution rests, Officers Gann and Robison stationed themselves in an automobile near the Grishom home, and while there, observed an automobile approaching. It was turned aside into another road, and followed by the officers mentioned. The car mentioned was stopped by the persons occupying it and two of them, appellant and Ray, got out of the car and stood upon the ground. Keith remained in the car until the officers reached it. When the officers came to a point a few feet from the car, appellant reached in, seized a jar and broke it on the door of the car. There was liquid in the jar which, according to Gann and Robison, had the odor and taste of whiskey. Ray claimed to own the car.

The direct evidence unequivocally connects the appellant with the possession of the whiskey, and an effort to destroy the evidence against him and his companions. By direct evidence he is connected with the automobile from which the whiskey was taken. Manifestly, the whiskey was either transported in the automobile in which he was riding or it was placed in the car at the point where the car was stopped for the purpose of carrying it away. Appellant's knowledge of the unlawful act being evident, the ownership of the car was inconsequential. See Riojas v. State, 102 Tex. Crim. Rep. 258. If the journey was interrupted by the pursuit by the officers or ended or begun at the point where the arrest was made, the legal effect was the same. Art. 666, P. C., 1925; Lamb v. State, 255 S. W. 424; Wade v. State, 281 S. W. 1049. Unless the evidence was wholly circumstantial, no charge on the law of circumstantial evidence was necessary. In refusing such a charge no error was, in our judgment, committed.

The complaint that while the witnesses were under the rule, the court permitted an officer to give testimony reveals no abuse of the court's discretion. Art. 644, C. C. P., 1925; Vernon's

Ann. Tex. Crim. Stats., Vol. 2, pp. 82-83; Dobbs v. State, 94 Tex. Crim. Rep. 398, 251 S. W. 1057.

The complaint of the testimony of the witness, Mrs. Grishom, to the effect that a day or two before the present transaction, she had seen the appellant near her house transferring a fruit jar from one car to another seems to relate to its weight rather than its admissibility.

There was a request to instruct the jury that they must disregard the testimony of Mrs. Sam Grishom to the effect that she had seen the appellant near her home on several occasions where different automobiles had been parked; that she had examined the ground and found where fruit jars had been left. This testimony was a circumstance tending to show the intent of the appellant and his course of conduct with reference to the particular transaction in question, and the court was not in error in refusing to single out that fact and instruct the jury to disregard it. There being no affirmative issue presented by the evidence touching his knowledge of the unlawful act in question, the refusal of the court to give a special charge upon the subject of his want of knowledge was not prejudicial error.

The evidence is deemed sufficient to support the verdict, and an affirmance is ordered.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have reviewed the record in the light of appellant's contentions in his motion. Appellant introduced no testimony. Mr. Gann and Mr. Robison swear positively that they saw appellant and two others drive in a car to a certain point, at which point they were intercepted. They did not see the officer until he was close to them. Immediately upon seeing him, appellant, in the language of Robison, "reached over in the car and grabbed up a fruit jar of whiskey" and broke it on the side of the car. This testimony fixes beyond the possibility of dispute the transportation of the whiskey, appellant's knowledge of the fact that it was in the car, and the fact that appellant was himself an occupant of said car. This seems to put the question of his guilt beyond the pale of circumstantial evidence. The conviction was for transporting. Both state witnesses testified that when the jar was broken they smelled whiskey, and Mr. Gann got some of it up from the running-board of the car and tasted it and said it was whiskey. We are unable to agree with appellant's contention

that we erred in our former opinion holding the case not one on circumstantial evidence. We are of opinion the facts are amply sufficient to show the guilt of the accused.

The motion for rehearing will be overruled.

*Overruled.*