## LEE KING v. THE STATE.

No. 16661. Delivered June 20, 1934.
Rehearing Denied October 17, 1934.
Reported in 74 S. W. (2d) 1029.

The opinion states the case.

*Carney & Carney,* of Atlanta, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for two years.

Officers were at a church where a number of negroes had congregated for the purpose of attending an entertainment. A trail led from the public road to the church. About 35 feet from the trail there was a fence. The officers stationed themselves near the fence. When they first saw appellant he was standing in the trail talking to somebody. They then observed appellant make three trips from the fence to the trail and back. On each of the occasions appellant would meet somebody on the trail. Finally, Hillis Allen came from the church and met appellant at the trail. From the point of their meeting appellant and Allen went to the fence. At this juncture the officers heard the rattling of bottles and observed appellant and Allen stooping over. Getting up, Allen and appellant walked from 15 to 25 feet away from the fence. The officers turned their flashlights on them, and, upon seeing appellant drop two pints of whisky on the ground, the officers took the parties into custody. They recovered the two pints of whisky appellant had dropped, and also four pints that Allen had thrown down. Going to the point near the fence where they had observed appellant and Allen, the officers discovered 23 pints and a half-gallon of whisky.

Appellant did not testify in his own behalf, and introduced no witnesses.

We are unable to sustain appellant's contention that the evidence is insufficient to support a conviction for transporting intoxicating liquor. The court charged on circumstantial evidence; and, in our opinion, the proof on the part of the State is sufficient to meet the test of exclusion. It is true that appellant was seen to move the whisky but a short distance. However, his act in carrying it part of the way on his journey was sufficient to satisfy the terms of the law defining transportation. Tullos v. State, 268 S. W., 174. The several trips appellant had made from the fence to the trail and his contact with parties coming up the trail indicated that the whisky was being transported from the fence for the purpose of delivery to said parties.

Appellant objected to the charge for its failure to define "transport." We are unable to discern how the failure to de-

fine the term could have injured appellant. That appellant transported the whisky a distance of from 15 to 25 feet was undisputed.

We are unable to reach the conclusion that the trial court should have instructed the jury to disregard the testimony of the officers as to the acts of Hillis Allen. Allen and appellant were together when caught in the act of transporting whisky.

We deem it unnecessary to discuss the bill of exception relating to the argument of the district attorney. We think the bill fails to reflect reversible error.

A careful examination of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In the light of appellant's motion for rehearing we have carefully reviewed the facts and the authorities bearing on the propositions laid down. The uncontroverted testimony showed appellant in possession of whisky at, or just before,—his arrest, and also showed his movement from a fence line toward a road just before the officers came upon him. Where he had started or was going to with said whisky is not made to appear, for when the officers hailed him he threw it down. One in possession of whisky who moves from place to place is a transporter. Riddle v. State, 109 Texas Crim. Rep., 258; Wade v. State, 103 Texas Crim. Rep., 628. When the transportation has begun, the offense is complete, even though the destination be not reached. Johnson v. State, 98 Texas Crim. Rep., 268, and authorities cited.

It is made to appear that in his closing argument the State's attorney asked the jury not to give appellant the minimum penalty. Complaint was made of this because of the fact that no reference had been made to the penalty in the opening argument. We do not think the matter calls for reversal of this case. It is very doubtful whether it could in any event be held to be a matter in argument comprehended by the rule laid down for district courts in volume 142 S. W. Rep., under the head of Court Rules, which seems to require that the attorney

for the plaintiff in opening the case argue the whole case. We have never held any such rule applicable in criminal cases, and could not lay down or make a general rule that would fit all cases. The cases cited by appellant are civil cases, and upon their facts seem to be sustained, but this court would decline to reverse a criminal case for no greater reason than that the State's attorney,—who had said nothing about the penalty in his opening argument,—in his closing argument asked the jury not to give the accused the minimum penalty.

The motion for rehearing will be overruled.

*Overruled.*