**Opinion issued December 19, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00463-CR

———————————

**WILSON SIEH TARLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 1
Harris County, Texas
Trial Court Case No. 1738451**

---

## O P I N I O N

A jury convicted Wilson Tarley of assault of an individual with whom he had a dating relationship and assessed punishment at ninety days' confinement. On appeal, Tarley contends that the trial court erred in admitting Inekia Gentles'

out–of–court statements; he asserts that the Sixth Amendment's Confrontation Clause bars their admission. Finding no error, we affirm.

## Background

In February 2011, a police officer arrived at a Houston apartment complex in response to a call reporting an assault. There, the officer met Inekia Gentles who told him that her boyfriend, Wilson Tarley, had choked her and beaten her several times that day. The State filed an information against Tarley in connection with the assault.

In March 2011, a representative of the district attorney's office called Gentles at the apartment she shared with Tarley and asked her to testify at Tarley's trial for the February 2011 assault. Tarley overheard the conversation. He asked Gentles to deny that the assault occurred; she refused to agree. Over the next two weeks, Tarley prevented Gentles from leaving the apartment. Tarley also abused Gentles by slapping her, pulling her hair, and beating her with a belt. Gentles eventually escaped and ran to a hospital across the street.

A police officer arrived at the hospital and met Gentles, who told him that Tarley had assaulted her. The officer testified that she was crying, frightened, and injured. He drove her from the hospital to a nearby hotel. Another police officer spoke with Gentles a few days later. Gentles told the officer that she was leaving

for Florida the next morning and that she was no longer interested in pursuing the case against Tarley. She gave the officer no contact information.

## Discussion

Tarley contends that the trial court erred in admitting Gentles' out–of–court statements to the police officers about her assault because the Sixth Amendment's Confrontation Clause bars their admission.

### *Standard of Review*

We review a trial court's decision to admit or exclude evidence for abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). A trial court does not abuse its discretion if some evidence supports its decision. *See Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002). We uphold a trial court's evidentiary ruling if it was correct on any theory of law applicable to the case. *See De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

### *Analysis*

A criminal defendant has a Sixth Amendment right to be confronted with the witnesses against him. *Gonzalez v. State*, 195 S.W.3d 114, 116 (Tex. Crim. App. 2006). The Sixth Amendment's Confrontation Clause bars the admission of out–

3

of–court statements by a declarant whom the criminal defendant has been unable to confront. *Id.* Under the doctrine of forfeiture by wrongdoing, however, a defendant may not assert a confrontation right if his deliberate wrongdoing resulted in the unavailability of the declarant as a witness. *Id.* at 119–20. The United States Supreme Court has emphasized that this exception often applies in the context of domestic violence. *Giles v. California*, 554 U.S. 353, 377, 128 S. Ct. 2678, 2693 (2008) ("Acts of domestic violence often are intended to dissuade a victim from resorting to outside help, and include conduct designed to prevent testimony to police officers or cooperation in criminal prosecutions.").

Tarley assaulted Gentles and confined her to his apartment after Gentles told him that she would not testify in his favor. A few days later, Gentles moved to Florida without giving the police an address. Tarley points out that no witness testified that Tarley's wrongdoing caused Gentles' unavailability as a witness. The trial court, however, reasonably could infer from the evidence presented that Tarley's second assault of Gentles was deliberately designed to intimidate her to keep her from testifying. *See Sohail v. State*, 264 S.W.3d 251, 260 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) (upholding trial court's inference of causation based on evidence that defendant repeatedly assaulted complainant and threatened to kill her if she called police or pursued criminal charges). The trial court did not abuse its discretion in inferring that Tarley's assault caused Gentles' unavailability

4

as a witness. The Confrontation Clause thus does not bar the admission of Gentles' out–of–court statements.

## Conclusion

We find that the trial court did not abuse its discretion in admitting Gentles' out–of–court statements under the doctrine of forfeiture by wrongdoing. We therefore affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Publish. TEX. R. APP. P. 47.2(b).