**Opinion issued February 19, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00477-CR

———————————

**SERGIO GORDILLO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Case No. 1273425**

---

## MEMORANDUM OPINION

A jury found appellant, Sergio Gordillo, guilty of the offense of aggravated

robbery.[1]  The trial court assessed his punishment at confinement for forty-five

---

[1]     *See* TEX. PENAL CODE ANN. § 29.03 (Vernon 2011).

years and found that he used or exhibited a deadly weapon, namely, a firearm, in the commission of the offense. In his sole issue, appellant contends that the trial court erred in limiting his cross-examination of the complainant in violation of his Sixth Amendment right to confrontation.[2]

We affirm.

## Background

The complainant, Javier Valle Solano, testified that on August 7, 2010, while he was walking home from a friend's house, the driver of an "old, white car with flip lights on the front" pulled alongside of him. Appellant, who was in the passenger seat of the car, initially asked the complainant for directions. He then got out of the car, pointed a "big, black gun" at the complainant's forehead, and said, "Give me everything you have. Do not do nothing [sic]." Appellant stood "about two feet away," and the complainant could see his face in the street light. As the complainant surrendered his cellular telephone, he reached for appellant's firearm. The complainant and appellant then "started fighting for the gun," and it discharged, hitting the complainant in the leg. The complainant fell down, and appellant began shooting at the ground around him, saying, "I told you not to do nothing [sic]." Once appellant ran out of bullets, he got into the white car, and the driver drove away. After a neighbor called for emergency assistance, the

---

[2] *See* U.S. CONST. amend. VI.

complainant described appellant to a law enforcement officer as being of "medium height" and heavy build, having "very short" hair, and wearing a white "hoodie" and shorts.

Harris County Sheriff's Office Deputy A. Kuk testified that he was dispatched to the scene to investigate. The complainant described the person who had shot him as a Hispanic male, with short hair, wearing a white, hooded shirt, and riding in a "light-colored, possibly white, older-model vehicle with pop-up headlights that move up and down." Minutes after relaying this information over his radio, Kuk was notified that a state trooper had stopped an individual in a car matching the description. Kuk went to the traffic stop, detained appellant, and brought him back to the scene of the shooting, where the complainant made a "[v]ery positive identification" of him as the shooter.

Texas Department of Public Safety Trooper S. Hemphill testified that after he located the white car approximately one-and-a-half miles from the scene of the shooting, he conducted a traffic stop. Hemphill noted that he saw appellant, who was seated in the front-passenger seat and wearing a "hoodie-style sweatshirt," reaching under the front, left side of his seat. After Hemphill and another trooper detained appellant and the driver outside the car, Hemphill saw the "butt end of a revolver sticking out from under the front of the passenger seat on the floorboard." Hemphill identified the firearm, which was admitted into evidence at trial, as a

black Colt ".357 Magnum."  And Jason Schroeder of the Harris County Institute of Forensic Services testified that appellant's hands tested positive for gunshot residue.

At trial, outside the presence of the jury, appellant sought to question the complainant concerning his immigration status, as follows:

[Defense Counsel]:     . . . we discussed the immigration status of the . . . Complaining Witness and . . . whether or not that would be relevant, whether or not he had been formally deported. . . . I think that would be relevant.  If he were formally deported and returned, that would be a felony . . . .  And I think that would be relevant to the issue of credibility, Your Honor.

THE COURT:     Well, as I told you—we . . . talked briefly off the record—I don't see any relevance yet, based on what he said, to his . . . status here, and I didn't hear anything from his testimony that invited that, so if you heard something other than I, well—

After the trial court granted defense counsel's request to recall the complainant for cross-examination on this point, the following exchange took place:

[State]:     . . . Your Honor, would the Court consider doing any of this . . . off the Record, since it may call for the . . . Complainant to make statements against his interest that could be used against him, before the Court makes a determination about . . . what to do with the information . . . .

THE COURT:     That's a hard question to answer. I realize the situation that he's in, when it's probably not gonna be relevant anyway, but I don't want to

4

|  |  |
|---|---|
|  | deny you your opportunity to, you know, to find out. |
| [Defense Counsel]: | Well, the problem is the State presented their witness under oath. . . . |
| THE COURT: | What I'm gonna tell you is this: If he's gonna say something that's incriminating, I will probably have to appoint him a lawyer, and the lawyer's gonna give him advice about whatever it is you're gonna asked him about. . . . |

After the trial court appointed an attorney to represent the complainant and gave him time to speak with his attorney, defense counsel then cross-examined him concerning his immigration status, outside the presence of the jury, as follows:

|  |  |
|---|---|
| [Defense Counsel]: | Where were you born? |
| [Complainant]: | I plead the Fifth. |
| [Defense Counsel]: | You don't know where you were born? |
| THE COURT: | That's what he said, sir. |
| [Defense Counsel]: | . . . [A]re you a citizen of the United States? |
| [Complainant]. | I plead the Fifth, sir. |
| [Defense Counsel]: | Okay. Isn't it true that you have been . . . deported from this country? |
| [Complainant]: | I plead the Fifth. |
| THE COURT: | May I ask you if you're pleading the Fifth on advice of Counsel? |
| . . . . |  |
| [Complainant]: | That is correct, yes, ma'am. |
| THE COURT: | All right. Next question. |
| [Defense Counsel]: | And isn't it also true that you are in this country . . . without permission of the United States? |
| [Complainant]: | I plead the Fifth, sir. |

5

| | |
|---|---|
| [Defense Counsel]: | . . . I'll pass the witness, Judge. |
| THE COURT: | All right. Thank you, sir. You may step outside. |
| [Complainant]: | Thank you. |
| THE COURT: | All right. Anything for the Record about immigration? |
| [Defense Counsel]: | (Moving head from side to side.) |
| THE COURT: | All right . . . . |
| [Prosecutor]: | Judge, just to be clear, what's happening with the victim? Is he being recalled or— |
| THE COURT: | He can't recall him and ask him those questions in front of the jury. |
| [Prosecutor]: | Okay.  All right. |

## Standard of Review

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *Tarley v. State*, 420 S.W.3d 204, 206 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd).  A trial court abuses its discretion if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008); *Tarley*, 420 S.W.3d at 206.  A trial court does not abuse its discretion if some evidence supports its decision. *See Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002); *Tarley*, 420 S.W.3d at 206.  We will uphold a trial court's evidentiary ruling if it is correct on any theory of law applicable to the case. *See De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009); *Tarley*, 420 S.W.3d at 206.

6

## Confrontation Claim

In his sole issue, appellant argues that the trial court erred, in violation of his Sixth Amendment right to confront witnesses, in limiting his cross-examination of the complainant regarding his immigration status because it was relevant to his credibility. Appellant asserts that "[i]t is possible" that the complainant may have been previously deported as a result of a felony conviction and may have illegally re-entered the United States. And he asserts that the trial court further erred in not striking the complainant's direct testimony after he invoked his Fifth Amendment right against self-incrimination to the questions regarding his immigration status.

The Confrontation Clause of the Sixth Amendment guarantees an accused the right "to be confronted with the witnesses against him" by having an opportunity to cross-examine the witnesses. U.S. CONST. amends. VI, XIV; *see also Delaware v. Van Arsdall*, 475 U.S. 673, 678, 106 S. Ct. 1431, 1435 (1986); *Lopez v. State*, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000). The right to cross-examine witnesses requires that an accused be given wide latitude to explore a witness's story, test his perceptions and memory, and impeach his credibility. *Parker v. State*, 657 S.W.2d 137, 139 (Tex. Crim. App. 1983); *Walker v. State*, 300 S.W.3d 836, 844–45 (Tex. App.—Fort Worth 2009, pet. ref'd). However, a trial court retains wide discretion to impose reasonable limits on cross-examination based on concerns such as harassment, prejudice, confusion of the issues, the

7

witness's safety, or interrogation that is repetitive or only marginally relevant. *Van Arsdall*, 475 U.S. at 679, 106 S. Ct. at 1435; *Lopez*, 18 S.W.3d at 222. And a defendant's right to cross-examine witnesses must be balanced against the probative value of the evidence. *Lopez*, 18 S.W.3d at 222. "[T]he Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S. Ct. 292, 294 (1985).

When a witness invokes his Fifth Amendment right against self-incrimination during cross-examination, "all or part of that witness's direct testimony may be subject to a motion to strike." *Fountain v. United States*, 384 F.2d 624, 628 (5th Cir. 1967); *see Keller v. State*, 662 S.W.2d 362, 364 (Tex. Crim. App. 1984). The "ultimate inquiry is whether the defendant has been deprived of his right to test the truth of the direct testimony." *Fountain*, 384 F.2d at 628. "If he has, so much of the direct testimony as cannot be subjected to sufficient inquiry must be struck." *Id.* If the witness invokes the privilege only as to collateral matters, however, direct testimony need not be struck. *Id.* A collateral question is one that seeks only to test a witness's general credibility or relates to facts that are irrelevant to the issues at trial. *Keller*, 662 S.W.2d at 364.

The State argues that appellant has waived this issue because he argued in the trial court only that he "should be allowed to cross examine [the complainant]

8

on his immigration status because it was relevant to his credibility" and he "made no argument to the trial court that [his] Sixth Amendment rights were violated by the denial to let him do so." Further, appellant did not move to strike the complainant's direct testimony after he invoked his Fifth Amendment right.

"Although the right of confrontation is vital to an ordered criminal justice system and of constitutional magnitude[,] it is nonetheless a trial right." *Mallory v. State*, 752 S.W.2d 566, 569 (Tex. Crim. App. 1988). A defendant waives his constitutional right to confront witnesses if he does not make a timely and specific objection at trial on the basis of his right to confrontation. *See* TEX. R. APP. P. 33.1; *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005); *Saldivar v. State*, 980 S.W.2d 475, 496 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd). "The purpose of requiring [an] objection is to give to the trial court or the opposing party the opportunity to correct the error or remove the basis for the objection." *Reyna*, 168 S.W.3d at 179. "Although [a] case involves a proffer of evidence rather than an objection, the same rationale applies." *Id.* (explaining because defendant "did not clearly articulate" Confrontation Clause demanded admission of evidence, trial court "never had the opportunity to rule upon" this rationale).

Here, appellant asserted in the trial court that the complainant's immigration status was relevant to his credibility. Appellant did not argue that the Confrontation Clause demanded admission of the evidence. *See id.* And he

9

concedes on appeal that he did not move to strike the complainant's direct testimony after the complainant invoked his Fifth Amendment right against self-incrimination.

Accordingly, we hold that appellant has not preserved his Sixth Amendment confrontation issue for our review. *See id.* (holding defendant waived Confrontation Clause issue where he asserted only basis for admission of cross-examination testimony "was to attack the victim's credibility"); *Mitchell v. State*, 238 S.W.3d 405, 408 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (noting "[e]ven constitutional error may be waived by failure to object at trial" and holding defendant waived review of issue on appeal because he did not object to testimony on Sixth Amendment grounds at trial); *see also Fountain*, 384 F.2d at 628 ("Since the district court was neither apprised of the purpose of the inquiry nor asked to rule on the matter or to strike the direct testimony, the situation cannot require reversal.").

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Massengale, and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).

11